DYKEMA GOSSETT LLP
J. Kevin Snyder (SBN: 107509)
ksnyder@dykema.com
Brian H. Newman (SBN: 205373)
bnewman@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:   (213) 457-1800
Facsimile:    (213) 457-1850

Attorneys for Defendants
Platinum Data Verifi LLC,
SeekVerify LLC, and
CM Productions, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUTHFINDER LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>PLATINUM DATA VERIFI LLC, a New York limited liability company; SEEKVERIFY LLC, a New York limited liability company; and CM PRODUCTIONS, LLC, a New York limited liability company,<br><br>Defendants. | Case No. 3:18-cv-00691-LAB-RBB<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Platinum Data Verifi LLC, SeekVerify LLC, and CM Productions, LLC ("Defendants"), by and through their undersigned counsel, hereby answer the First Amended Complaint ("Complaint") of plaintiff TruthFinder LLC ("Plaintiff") as follows:

1. In answer to paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring this action for federal copyright infringement, false advertising in violation of the Lanham Act, violation of California Unfair Competition Law, and unjust enrichment, but denies that those claims have merit or that the Complaint has alleged facts sufficient to state a claim upon which relief can be granted. Defendants further deny that at least the copyright claims, if viable, can be brought in this forum in that they are subject to mandatory arbitration.

2. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in paragraph 2 of the Complaint, and on that basis, deny them.

3. Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants admit that SeekVerify, LLC is a New York limited liability company, and that it conducts business in the United States including California. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 4.

5. Defendants admit that CM Productions, LLC is a New York limited liability company. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 5.

6. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in paragraph 6 of the Complaint, and on that basis, deny them.

7. In answer to paragraph 7 of the Complaint, Defendants admit that the Complaint alleges a violation of the Copyright Act and the Lanham Act, but deny that this Court has jurisdiction over at least the copyright claims in that those claims are

subject to mandatory arbitration.

8. In answer to paragraph 8 of the Complaint, Defendants admit that the Complaint alleges state law claims, but deny that they arise out of the same nucleus of operative facts, and deny that they are so related to the federal causes of action that they form the same case or controversy.

9. In answer to paragraph 9, Defendants deny that a substantial part of the events giving rise to the claims raised in the lawsuit occurred in this judicial district, deny that any actions of Defendants have caused any injury to Plaintiff, and lack information and belief upon which to admit or deny that Plaintiff has its headquarters in this judicial district. Except as expressly admitted or denied, Defendants deny the remaining allegations of paragraph 9.

10. In answer to paragraph 10, Defendants deny that they have knowingly caused tortious injury to Plaintiff in the State of California and within this judicial district. Except as expressly denied, the remaining allegations of paragraph 10 are legal conclusions which Defendants are not required to admit or deny.

11. In answer to paragraph 11, Defendants admit that TruthFinder.com is, or was, a website accessible across the United States. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations in paragraph 11 of the Complaint, and on that basis, deny them.

12. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in paragraph 12 of the Complaint, and on that basis, deny them.

13. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in paragraph 13 of the Complaint, and on that basis, deny them.

14. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in paragraph 14 of the Complaint, and on that basis,

deny them.

15. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis, deny them.

16. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in paragraph 16 of the Complaint, and on that basis, deny them.

17. In answer to paragraph 17 of the Complaint, Defendants admit that they operate a website located at www.seekverify.com. Defendants lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations in paragraph 17 of the Complaint, and on that basis, deny them.

## FIRST CAUSE OF ACTION

18. Defendants hereby restate and incorporate by reference their responses to paragraphs 1-17 as though full set forth herein.

19. In answer to paragraph 19 of the Complaint, Defendants admit that the TruthFinder.com website is accessible to the public through the internet. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 19.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. In answer to paragraph 21 of the Complaint, Defendants admit that the Complaint purports to depict screen shots of certain pages from the TruthFinder.com and SeekVerify.com websites at some unspecified point in time. Defendants deny that any of the elements of the TruthFinder.com website are original or otherwise subject to protection under copyright laws. Defendants further allege that any similarity between the alleged screen shots is insufficient to constitute evidence of copyright infringement. Except as expressly admitted or alleged, Defendants deny the remaining allegations of paragraph 21.

22. In answer to paragraph 22 of the Complaint, Defendants admit that the Complaint purports to depict screen shots of certain pages from the TruthFinder.com

and SeekVerify.com websites at some unspecified point in time.  Defendants deny that any of the elements of the TruthFinder.com website are original or otherwise subject to protection under copyright laws.  Defendants further allege that any similarity between the alleged screen shots is insufficient to constitute evidence of copyright infringement.  Except as expressly admitted or alleged, Defendants deny the remaining allegations of paragraph 22.

23. In answer to paragraph 23 of the Complaint, Defendants admit that the Complaint purports to depict screen shots of certain pages from the TruthFinder.com and SeekVerify.com websites at some unspecified point in time.  Defendants deny that any of the elements of the TruthFinder.com website are original or otherwise subject to protection under copyright laws.  Defendants further allege that any similarity between the alleged screen shots is insufficient to constitute evidence of copyright infringement.  Except as expressly admitted or alleged, Defendants deny the remaining allegations of paragraph 23.

24. In answer to paragraph 24 of the Complaint, Defendants admit that the Complaint purports to depict screen shots of certain pages from the TruthFinder.com and SeekVerify.com websites at some unspecified point in time.  Defendants deny that any of the elements of the TruthFinder.com website are original or otherwise subject to protection under copyright laws.  Defendants further allege that any similarity between the alleged screen shots is insufficient to constitute evidence of copyright infringement.  Except as expressly admitted or alleged, Defendants deny the remaining allegations of paragraph 24.

25. In answer to paragraph 25 of the Complaint, Defendants deny that they have engaged in copyright infringement and lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations in paragraph 25 of the Complaint, and on that basis, deny them.

26. In answer to paragraph 26 of the Complaint, Defendants admit that they had access to the TruthFinder.com website through the internet.  Except as expressly

admitted, Defendants deny the remaining allegations of paragraph 26 of the Complaint.

27. In answer to paragraph 27 of the Complaint, Defendants deny that they have infringed Plaintiff's copyrights, if any, willfully or at all. Defendants lack knowledge or information sufficient to form a basis as to the truth as to whether Plaintiff authorized Defendants to reproduce, prepare derivative works, or publicly display the TruthFinder.com website or any portions thereof. Defendants deny the remaining allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

## SECOND CAUSE OF ACTION

35. Defendants hereby restate and incorporate by reference their responses to paragraphs 1-34 as though full set forth herein.

36. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in paragraph 36 of the Complaint, and on that basis, deny them.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

### THIRD CAUSE OF ACTION

45. Defendants hereby restate and incorporate by reference their responses to paragraphs 1-44 as though full set forth herein.

46. In answer to paragraph 46 of the Complaint, Defendants admit the Complaint purports to depict screen shots of certain pages from the SeekVerify.com website at some unspecified point in time. Except as expressly admitted. Defendants deny the remaining allegations of paragraph 46 of the Complaint.

47. In answer to the allegations of paragraph 47 of the Complaint, Defendants deny plaintiff's characterization of the purported screen shots from the SeekVerify.com website, and lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations in paragraph 47 of the Complaint, and on that basis, denies them.

48. In answer to paragraph 48 of the Complaint, Defendants admit the Complaint purports to depict screen shots of certain pages from the SeekVerify.com website at some unspecified point in time. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 48 of the Complaint.

49. In answer to the allegations of paragraph 49 of the Complaint, Defendants deny plaintiff's characterization of the purported screen shots from the SeekVerify.com website and lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations in paragraph 49 of the Complaint, and on that basis, denies them.

50. Defendants deny the allegations in paragraph 50 of the Complaint.
51. Defendants deny the allegations in paragraph 51 of the Complaint.
52. Defendants deny the allegations in paragraph 52 of the Complaint.
53. Defendants deny the allegations in paragraph 53 of the Complaint.
54. Defendants deny the allegations in paragraph 54 of the Complaint.
55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

## FOURTH CAUSE OF ACTION

57. Defendants hereby restate and incorporate by reference their responses to paragraphs 1-56 as though full set forth herein.

58. In answer to paragraph 58 of the Complaint, Defendants admit the Complaint purports to depict screen shots of certain pages from the SeekVerify.com website at some unspecified point in time. Except as expressly admitted. Defendants deny the remaining allegations of paragraph 58 of the Complaint.

59. In answer to paragraph 59 of the Complaint, Defendants admit the Complaint purports to depict screen shots of certain pages from the SeekVerify.com website at some unspecified point in time. Except as expressly admitted. Defendants deny the remaining allegations of paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint states a legal conclusion which Defendants are not required to admit or deny.

61. Paragraph 61 of the Complaint states a legal conclusion which Defendants are not required to admit or deny.

62. Paragraph 62 of the Complaint states a legal conclusion which Defendants are not required to admit or deny.

63. Defendants deny the allegations in paragraph 63 of the Complaint.
64. Defendants deny the allegations in paragraph 64 of the Complaint.
65. Defendants deny the allegations in paragraph 65 of the Complaint.
66. Defendants deny the allegations in paragraph 66 of the Complaint.
67. Defendants deny the allegations in paragraph 67 of the Complaint.
68. Defendants deny the allegations in paragraph 68 of the Complaint.
69. Defendants deny the allegations in paragraph 69 of the Complaint.
70. Defendants deny the allegations in paragraph 70 of the Complaint.

## FIFTH CAUSE OF ACTION

71. Defendants hereby restate and incorporate by reference their responses

to paragraphs 1-70 as though full set forth herein.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

## SIXTH CAUSE OF ACTION

77. Defendants hereby restate and incorporate by reference their responses to paragraphs 1-76 as though full set forth herein.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to Plaintiff's Complaint, and without admitting any of Plaintiff's allegations or conceding the burden of proof found to be an element of any of Plaintiff's claims rather than an element of an affirmative defense as a matter of law, Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The allegations and claims in the Complaint, in whole or in part, fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Mandatory Arbitration)

2. Under the Terms of Use that govern access and use of the TruthFinder.com website, all claims and disputes arising out of access and use of the site are subject to mandatory arbitration. Plaintiff's purported first cause of action for copyright infringement, the fifth and sixth cause of action for unfair competition and unjust enrichment, and potentially the other federal and state law clams, all arise out

of Defendants' alleged access and use of the Truth Finder website and are subject to mandatory arbitration.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Comply With Condition Precedent)

3. Pursuant to the arbitration clause (set forth in Section 3 of the Terms of Use on the TruthFinder.com website), prior to initiating arbitration, Plaintiff was required to "provide written notice thereof to the other party by registered or certified mail and describe in such notice, with reasonable particularity, the nature and basis of such claim and the total amount of the claim." Plaintiff failed to provide any such notice to Defendants and, accordingly, Plaintiff's claims are barred.

### FOURTH AFFIRMATIVE DEFENSE
### (Invalid Copyright )

4. Plaintiff's website is not sufficiently original or creative to be subject to protection under the copyright laws.

### FIFTH AFFIRMATIVE DEFENSE
### (Preemption)

5. Plaintiff's fifth and sixth purported cause of action are based in whole or in part on alleged copyright infringement, and to that extent are preempted by the Copyright Act.

### SIXTH AFFIRMATIVE DEFENSE
### (Independent Creation)

6. Plaintiff's claims must fail because some or all of the allegedly infringing items were an independent creation.

### SEVENTH AFFIRMATIVE DEFENSE
### (Protectable Expression)

7. Plaintiff's claims must fail because, to the extent any matter covered by any of Plaintiff's pleaded copyright registrations contains protectable expression, Defendants did not copy such protectable expression.

### EIGHTH AFFIRMATIVE DEFENSE
### (*De Minimis* Copying)

8. Plaintiff's claims must fail because any copying by Defendants of any protectable expression covered by any of Plaintiff's pleaded copyright registrations would have been *de minimis*.

### NINTH AFFIRMATIVE DEFENSE
### (Fair Use)

9. Plaintiff's claims must fail because any copying by Defendants of any protectable expression covered by any of Plaintiff's pleaded copyright registrations would have been fair use.

### TENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

10. Plaintiff's claims for statutory, punitive, or exemplary damages based on alleged willful, intentional, or malicious conduct are barred in that the wrongful conduct, if any, was due to actions of third parties over whom Defendants have no control or by third parties acting in violation of Defendants policies and directives and not due to any willful, deliberate, or intentional conduct of Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

11. Plaintiff's claims false advertising and unfair competition are barred in that Plaintiff has suffered no actual injury, injury in fact, loss, or damage as a result of the alleged conduct of Defendants, and therefore lacks standing to pursue a claim for false advertising under federal or state law including under Article III of the U.S. Constitution and under California Business & Professions Code § 17200.

### TWELFTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

12. The Complaint, and each cause of action asserted therein, is barred because Plaintiff would be unjustly enriched if it prevailed on the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Waiver)

13. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (Estoppel)

14. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (Laches)

15. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (Unclean Hands)

16. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (Statute of Limitations)

17. Some or all of Plaintiff's claims are barred by the one-year statute of limitations set forth in Section 31 of the Terms of Use on the TruthFinder.com website, which provides that "any claim or cause of action arising out of or related to the Website, or the use of the Website, must be brought within one year after such claim or cause of action arose."

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (Damages Caused by Negligence of Others)

18. At all times alleged in the Complaint, Plaintiff and/or its agents failed to exercise ordinary and reasonable care, and negligently and carelessly were the

proximate cause of some portion, up to and including the whole thereof, of Plaintiff's alleged injuries, if any, and Plaintiff's recovery should therefore be barred and/or reduced according to the law, up to and including the whole thereof.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Lack of Deception)

19. Plaintiff's claims are barred in whole or in part because Defendants' statements, representations and advertising were not false, misleading, or likely to mislead.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Commercial Speech Protection)

20. Plaintiff's claims are barred in whole or in part because Defendants' statements, representations and advertising were not false, misleading, or likely to mislead, and constitute commercial speech which is protected by the First Amendment of the United States Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Competition Privilege)

21. The actions of Defendants, including Defendants' statements, representations and advertising alleged in the Complaint, are protected by the privilege of competition in that Defendants did not use any wrongful means to advance a legitimate interest in competing in the free market.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Entitlement to Statutory Damages or Attorney's Fees)

22. Plaintiff is not entitled to statutory damages and/or attorney fees because on information and belief, the elements alleged to have been copied were not registered before the alleged copying commenced and/or within 3 months of first publication of such alleged copyrighted material.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights)

23. Defendants reserve the right to assert additional defenses upon discovery of further information concerning Plaintiff's claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by its Complaint and that judgment be entered in favor of Defendants;

2. That this Court dismiss Plaintiff's Complaint with prejudice;

3. That Defendants be awarded their costs and fees incurred in defending this action; and

4. That the Court grant such other relief as the Court deems just and proper.

Dated: July 13, 2018    DYKEMA GOSSETT LLP

By: s/ *Brian H. Newman*
J. Kevin Snyder
Brian H. Newman
Attorneys for Defendants
Platinum Data Verifi LLC, SeekVerify LLC, and CM Productions, LLC
E-mail: jsnyder@dykema.com
bnewman@dykema.com

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California  90071.

On July 13, 2018, I served the foregoing document described as **ANSWER TO FIRST AMENDED COMPLAINT** on all interested parties in this action as follows:

☒ **(BY ELECTRONIC TRANSMISSION)** As addressed to all parties appearing on the Court's ECF service list in this action via the Southern District of California's Court's CM/ECF system, and shall be available for viewing and downloading from the ECF system.

☐ (BY E-Mail)  I caused such document to be transmitted by electronic format to the office of the addressee(s) listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 13, 2018, at Los Angeles, California.

s/*Brian H. Newman*

4821-8141-6045.1
065813\000029